# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 18-34214-bjh |
| NOBLE REY BREWING CO., LLC, § | Chapter 11 |
| § | |
| § | |
| Debtor. § | |

## JPMORGAN CHASE BANK N.A.'S OBJECTION TO DISCLOSURE STATEMENT

TO THE HONORABLE U.S. BANKRUPTCY COURT:

JPMorgan Chase Bank N.A. ("Chase") hereby files its Objection to the Debtor's Disclosure Statement, and would show as follows.

1. The Debtor filed this Chapter 11 bankruptcy proceeding with this Court on December 19, 2018. The Debtor is in the business of brewing and selling beer and has continued to operate post-petition.

2. Chase is a secured creditor in this case. Chase has a claim for $702,651.68 as of the date of filing. The claim is secured by a lien on specific equipment ("Chase Collateral").

3. Disclosure Statements are governed by 11 U.S.C. §1125(a). A Disclosure Statement must provide "adequate information" which means:

> …information of a kind and in sufficient detail, as far as is reasonable practicable in light of the nature and history of the debtor and the condition of the debtors' books and records… that would enable such hypothetical investor of the relevant class to make an informed judgment about the plan…

4. Chase believes the fair market value of the Chase Collateral is $300,000. The Debtor believes the fair market value of the Chase Collateral is $200,000. The Disclosure Statement does not include any appraisal of the Chase Collateral or basis for showing the value of

the Chase Collateral is $200,000. Chase has based its valuation on an appraisal and contends the Chase Collateral is worth $300,000.

5.     The Debtor's Disclosure Statement promises to pay Chase $200,000 on the Effective Date. Chase requests any payment be made at the closing of any sale, rather than the Effective Date.

6.     The Disclosure Statement is insufficient in its description of cure amounts for any other executory contracts or unexpired leases. The Disclosure Statement does not show what amounts are required to cure any defaults related to the assumption and assignment of leases or contracts. That information is important to creditors to determine the amounts that will be paid to Class 5 unsecured creditors.

7.     The Disclosure Statement is insufficient in its description of priority claims, if any. That information is important to creditors to determine the amounts that will be paid to Class 5 unsecured creditors.

8.     The Disclosure Statement is based on a proposed purchase of $300,000. However, the Disclosure Statement invites any competing party to bid at an auction. The Disclosure Statement does not tell what would be done with any proceeds above a $300,000 purchase price. Chase believes any such excess of $300,000 should be paid to it as the secured creditor.

9.     The Chase debt is guaranteed by Chris Rigoulot, the President of the Debtor, and Ken Rigoulot. Both the Plan and the Disclosure Statement provide for releases of the guarantors. Both the Plan and the Disclosure Statement should show that the Plan does not affect, in any way, the rights of Chase to recover from guarantors on the Notes.  This is a good faith issue in the Plan and thus should be disclosed to adequately inform the creditors.

10. The Disclosure Statement should show that no payments have been made to Chase since the filing of this bankruptcy case. Debtors in Possession are required to make post-petition payments in order to stay in a Chapter 11 proceeding. This lack of payment goes to feasibility and good faith issues in the plan and thus should be disclosed to inform the creditors.

11. The Disclosure Statement does not show how Chase's treatment is equal or superior to that it would receive in Chapter 7 liquidation as required under Section 1129. The Disclosure Statement fails to show how Chase will receive more under the Plan than it would receive in a Chapter 7 liquidation as required by Bankruptcy Code 1129(a)(7).

Wherefore, the above premises considered, Chase, respectfully prays that the Disclosure Statement be approved only after the Debtor has revised and supplemented the Disclosure Statement with the information requested in this objection and for such other and further relief, special and general, in equity or law, that the Honorable Court deems fair and just.

Respectfully submitted,

/s/ Richard G. Dafoe
Richard G. Dafoe
State Bar No. 05309500
Vincent Serafino Geary Waddell Jenevein, P.C.
1601 Elm Street, Suite 4100
Dallas, Texas 75201
214-979-7427 - Telephone
214-979-7402 – Facsimile
rdafoe@vinlaw.com

Attorneys for JPMorgan Chase Bank, N.A.

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been served on the 14th day of March, 2019, to the parties listed below and attached and to those requesting notice either electronically or by U.S. first class mail:

| | |
|---|---|
| Noble Rey Brewing Co., LLC<br>2636 Farrington<br>Dallas, TX 75207<br>DEBTOR | Eric A. Liepins<br>Eric A. Liepins, P.C.<br>12770 Coit Rd., Suite 1100<br>Dallas, TX 75251<br>DEBTOR'S ATTORNEY |
| United States Trustee<br>1100 Commerce Street, Room 976<br>Dallas, TX 75242<br>U.S. TRUSTEE | |

                                                      */s/*   Richard G. Dafoe
                                                          Richard G. Dafoe