John D. Cornwell, Esq.
Texas Bar No. 24050450
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas  75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

ATTORNEYS FOR
1319 MOTOR CIRCLE, L.P.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 18-34214 |
| NOBLE REY BREWING, CO., LLC, | § | |
| | § | Chapter 11 |
| Debtor. | § | |

**MOTION OF 1319 MOTOR CIRCLE, LP FOR
RELIEF FROM THE AUTOMATIC STAY**

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE ST., RM. 1254 DALLAS, TX 75242-1496 BEFORE CLOSE OF BUSINESS ON APRIL 12, 2019, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

TO THE HONORABLE BARBARA J. HOUSER, U.S. BANKRUPTCY JUDGE:

COMES NOW 1319 Motor Circle, L.P. ("Landlord"), a creditor in the above styled and

numbered Chapter 11 case (the "Bankruptcy Case") of Noble Rey Brewing, Co., LLC (the

"Debtor"), and files this its *Motion for Relief from the Automatic Stay* (the "Motion"), respectfully stating as follows:

## I.   JURISDICTION, VENUE, AND AUTHORITY

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157(a) and 1334(a). Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(G), and involves a request for relief from the automatic stay pursuant to 11 U.S.C. § 362(d). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Furthermore, this Court has Constitutional authority to enter a final order in this matter.

## II.   FACTS

2. This Motion is supported by the *Affidavit of Ricky Patterson* (the "Affidavit"), a true and correct copy of which is attached hereto as Exhibit "A" and which is cited to herein as "Patterson Aff.".

### A. THE LEASE

3. On September 19, 2014, 1302-1350 Motor Circle, L.P. ("Motor Circle") and the Debtor entered into that certain *Industrial Lease Agreement* (the "Lease"), a true and correct copy of which is attached to the Affidavit as Exhibit "1". Landlord is the assignee of Motor Circle's interests in and to the Lease.

4. The Lease concerns 8,446 square feet located at 2636 Farrington, Dallas, Texas 75207. The Lease term was 63 months, commencing on September 19, 2014, with an initial base rent of $5,114.88 plus certain allocated charges for common area maintenance, taxes, and insurance, estimated in the Lease to be approximately $1,173.19, for a total initial monthly rent of $6,288.07. Lease at p. 1. The Lease provided for these amounts to be increased annually. *Id.* Rent is due on the first calendar day of each month. Lease at p. 4 ¶ 4.

5. The Debtor has defaulted on its obligations under the Lease for January, February, and March of 2019. Patterson Aff. at ¶¶ 7–11. The Debtor made a partial rent payment in January 2019, which payment was insufficient by $2,596.07. *Id.* at ¶ 8. The Debtor made a partial rent payment in February 2019, which payment was insufficient by $942.48. *Id.* at ¶ 9. The Debtor has not made any payment under the Lease for March 2019. *Id.* at ¶ 10.

6. Separately, the Debtor has been billed for its share of common-area maintenance and *ad valorem* taxes for 2017 and 2018 owing under the Lease, which amounts remain outstanding at this time. *Id.* at ¶ 4–6, 12. For 2017, the Debtor owes $9,432.10 for these charges. *Id.*. For 2018, the Debtor owes $26,582.10 for these charges. *Id.*

7. In all, the Debtor is in default under the Lease in an amount of at least $48,977.95. Of this amount, $13,837.68 is allocable and due post-petition, and $35,140.27 was due pre-petition.

### B. THE BANKRUPTCY PROCEEDING

8. On December 19, 2018 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

9. On March 19, 2019, the Debtor filed its *Amended Plan of Reorganization of Noble Rey Brewing Co., LLC Dated March 18, 2019* [Doc. 33] (the "Plan").

10. As relevant to this Motion and the Lease, Article 8.1 of the Plan provides that,

> The Debtor hereby assumes the executory contracts and unexpired leases described on the Schedule of Additional Assumed Leases & Contracts, including the Debtor's unexpired leases of nonresidential property located at 2636 Farrington Street, Dallas, Texas … and assigns such executory contracts and unexpired leases to Purchaser pursuant to Section 363 and 365 of the Bankruptcy Code and the Order Confirming Plan. … Purchaser and the Debtor have provided good and sufficient evidence of

> adequate assurance of Purchaser's future performance. The cure costs, if any, stated in the Schedule of Additional Assumed Leases & Contracts … are the sole amounts necessary to cure all defaults and pay all actual pecuniary losses under such contracts and leases.

11. Further, as concerning curing existing defaults under the Lease, Article 8.2. of the Plan provides that,

> The Debtor or Reorganized Debtor, except as otherwise agreed by the parties, will pay any amounts necessary to cure undisputed defaults under any executory contract or unexpired lease that is assumed by such Reorganized Debtor pursuant to the Plan in accordance with section 365 of the Bankruptcy Code.

12. The Plan thus provides that the Defaults will be cured.

13. However, the proposed purchaser under the Plan has advised Landlord that it does not intend to cure the Defaults. Patterson Aff. at 14. *See also* Doc. 36 – *Supplement to Amended Plan of Reorganization of Noble Rey Brewing Co., LLC Dated March 18, 2019* ("Currently, Lonestar Liquid Assets LLC along with Craft Food & Beverage LL (collectively 'LoneStar') is the high bidder for Debtor's assets. In the event, Lonestar is the winning bidder Lonestar has informed the Debtor it does not desire to assume [the Lease].").

### III. ARGUMENTS & AUTHORITIES

14. Section 362(d) of the Bankruptcy Code provides in pertinent part as follows:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -

    (1)    for cause, including the lack of adequate protection of an interest in property of such party in interest;

    (2)    with respect to the stay of an act against property under subsection (a) of this section, if –

        (A)    the debtor does not have any equity in such property; and

    (B)  such property is not necessary to an effective reorganization . . . .

15. Landlord is entitled to relief from the automatic stay (1) for "cause," such as a lack of adequate protection; and (2) because the debtor does not have any equity in the property, nor is the property necessary to an effective reorganization. 11 U.S.C. § 362(d)(1)–(2).

16. The Debtor has materially defaulted under the Lease, both pre- and post-petition. Landlord has incurred, and continues to incur, damages by way of the Debtor's failure to pay rent, including common area maintenance and taxes.

17. Separately, the Debtor has no equity in the Lease and intends to sell its assets, and is not reorganizing. The Lease is therefore not necessary to an effective reorganization. Further, the purchaser's statement that it will not cure the defaults under the Lease makes the lease unassignable; thus, even if the Debtor's sale to the purchaser could be construed as an "effective reorganization," such a reorganization must fail as a matter of law in contravention of 11 U.S.C. § 365(b)(1)(A).

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Landlord respectfully requests that the Court enter an order: (i) granting this Motion; (ii) granting Landlord relief from the automatic stay, and terminating the automatic stay, in order to permit Landlord to exercise any and all remedies it under the Lease; and (iii) granting Landlord such other and further relief to which it may be justly entitled.

RESPECTFULLY SUBMITTED this 29th day of March, 2019.

                **MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Thomas Berghman*
     John D. Cornwell, Esq.
     Texas Bar No. 24050450
     Thomas D. Berghman, Esq.
     Texas Bar No. 24082683
     3800 Ross Tower
     500 N. Akard Street
     Dallas, Texas 75201
     Telephone: (214) 855-7500
     Facsimile: (214) 855-7584

              **ATTORNEYS FOR 1319 MOTOR CIRCLE, LP**

## CERTIFICATE OF CONFERENCE

     The undersigned hereby certifies that, on the 20th day of March, 2019, he conferred with counsel for the Debtor to discuss the relief requested herein and that the Debtor is opposed to the relief sought herein.

By: */s/ Thomas Berghman*
     Thomas D. Berghman, Esq.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this the 29th day of March, 2019, true and correct copies of this document, with the exhibits thereto, were electronically served by the Court's ECF system on parties entitled to notice thereof and that, additionally, he caused true and correct copies of this document, with the exhibits thereto, to be served by U.S. first class mail, postage prepaid, on the following:

| | |
|---|---|
| United States Trustee<br>1100 Commerce Street<br>Room 976<br>Dallas, TX 75242 | Eric A. Liepins<br>Eric A. Liepins, P.C.<br>12770 Coit Rd., Suite 1100<br>Dallas, TX 75251<br>(972) 991-5591<br>Email: eric@ealpc.com |
| Noble Rey Brewing Co., LLC<br>2636 Farrington<br>Dallas, TX 75207 | |

By: /s/ Thomas Berghman
Thomas D. Berghman, Esq.