ERIC A. LIEPINS
ERIC A. LIEPINS, P.C.
12770 Coit Road
Suite 1100
Dallas, Texas 75251
(972) 991-5591
(972) 991-5788 - telecopier

PROPOSED ATTORNEY FOR DEBTOR

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| NOBLE REY BREWING CO., LLC | § | CASE NO 18-34214 |
| | § | |
| | § | |

MOTION TO RATIFY SALE

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Noble Rey Brewing Co., LLC.("Debtor") in the above-styled and numbered cause, and files this its Motion to Ratify Sale ("Motion"), and in support thereof would respectfully show unto the Court as follows:

1.  On or about December 19, 2018 Debtor filed its Voluntary Petitions for relief under Chapter 11 of the United States Bankruptcy Code and has continued in possession of its property and operation of its business as a Debtor-in-Possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2.  The Debtor operated a brewery with two locations in Dallas, Texas.

3.  On or about February 27, 2019 the Debtor filed its Disclosure Statement

("Disclosure Statement") and Plan of Reorganization ("Plan").

    4.    The Disclosure Statement beginning on page 8 contained the following provisions:

> Debtor anticipates the sale of all its assets to fund the Plan.
>
> The Debtor shall offer for purchase to the highest bidder, the sale of all of its assets, including, equipment, inventory, goodwill, leases, logos, intellectual property, websites and all other assets of the Debtor (collectively "Assets"). The Debtor has received an offer to purchase the Assets from Lonestar Liquid Assets, LLC and Craft Food and Beverage Equipment LLC (collectively "Purchaser") the amount of $300,000.[1] Any person or entity desiring to purchase the Assets must inform counsel for the Debtor and counsel for Purchaser in writing of its desire to purchase the Assets, at least 7 days prior to the date first set for confirmation of Debtor's Plan. In the event one or more notices of desire to bid are received, an auction for the sale of the Assets will be conducted at the offices of counsel for the Debtor, Eric A. Liepins, P.C., 12770 Coit Road, Suite 1100, Dallas, Texas 75251 in five business days from the date of confirmation of Debtor's Plan. Any auction bid must start at $325,000 and the auction will continue in increments of $5,000 until a high bid is determined. In the event the Debtor receives such a bid, Purchaser shall be entitled to reimbursement of its reasonable and necessary expenses attendant to conducting due diligence on the Debtor, including, without limitation, attorneys fees and appraisal costs, plus 3% of the final sales price for the Assets. The winning bidder shall have two business days to place the winning bid funds in escrow with counsel for the Debtor. The Assets shall be transferred upon confirmation of the Debtor's Plan.
>
> A fundamental component of the Debtor's Plan is the sale of the Debtor's Assets. The confirmation of this Plan shall serve as a Court finding that the Debtor has determined in the exercise of their reasonable business judgment to sell its Assets. Debtor has demonstrated good, sufficient and sound business reasons and justification for the Assets as requested in the Plan. The sale of the Assets, under Section 363(b) and (f) of the Bankruptcy Code and this Plan is in the best interests of the Debtor, its estate and its creditors. The consideration to be paid constitutes adequate and fair value for the Debtor's interest in the Assets. The sale of the Assets was negotiated and entered into in good faith and from arm's-length positions between the Debtor and the purchaser. The purchaser of the interest in the Assets is a good faith purchaser as that term is used in Section 363(m) of the Bankruptcy Code.
>
> As a component of the confirmation of this Plan, the sale of the Debtor's Assets is approved. Pursuant to Section 363 of the Bankruptcy Code, and subject to the terms and conditions set out in the Confirmation Order, the Debtor is authorized to sell its interest in the Assets free and clear of all liens, interests, claims and encumbrances. The parties are authorized and directed to take all actions, including the execution of documents, necessary or appropriate to

---

[1] The proposed sale to Purchaser also provides that Christopher Rigoulot will be employed through the end of 2019 at a salary of $45,000.

affect the sale of the Debtor's interest in the Assets.

As part of the sale of the Assets, the Debtor is assuming and assigning its current leases at the 2636 Farrington Street, Dallas Texas and the Dallas Farmers Market. The Debtor and Purchaser will evaluate the Debtor's other executory contracts and unexpired leases to identify any such contract or lease that the Debtor proposes to assume and assign in accordance with the terms of the Plan. The Debtor shall be required to cure any defaults related to the assumption and assignment of such leases and/or contracts whether such cure is undisputed or determined on a final basis by the Court, form the proceeds of the sale of Assets.

The Court shall retain exclusive jurisdiction to address any and all matters related to the sale of the Debtor's interest in the Assets and the provisions of the Confirmation Order. The purchaser is afforded the protections of a good faith purchaser under Section 363(m) of the Bankruptcy Code. The Confirmation Order as to the sale is final and shall be effective and enforceable immediately upon entry and shall not be stayed pursuant to Bankruptcy Rule 6004(g).

5. The Plan contained the following language:

6.2 **Ongoing Operations:** The Debtor's will not have any ongoing operations under this Plan.

6.3 **Sale of Assets**: A fundamental component of this Plan is the sale of the Debtor's Assets as described in the Disclosure Statement. The confirmation of this Plan shall serve as a Court finding that the Debtor has determined in the exercise of their reasonable business judgment to sell its Assets. The Debtor has demonstrated good, sufficient and sound business reasons and justification for the sale of its Assets as requested in the Plan. The sale of the Assets, under Section 363(b) and (f) of the Bankruptcy Code and this Plan is in the best interests of the Debtor, its estate and its creditors. The consideration to be paid constitutes adequate and fair value for the Debtor's Assets. The sale of the Assets was negotiated and entered into in good faith and from arm's-length positions between the Debtor and the Purchaser. The purchaser of the interest in the Assets is a good faith purchaser as that term is used in Section 363(m) of the Bankruptcy Code.

6.4 **Sale Order**: As a component of the confirmation of this Plan, the sale of the Debtor's Assets is approved, subject to the conditions set forth in the Disclosure Statement and this Plan. Pursuant to Section 363 of the Bankruptcy Code, and subject to the terms and conditions set out in the Confirmation Order, the Debtor is authorized to sell its Assets free and clear of all liens, interests, claims and encumbrances. More specifically, this Court orders that except as expressly provided for in this Order pursuant to section 105(a) and 363(f) of the Bankruptcy Code, as of the Closing Date, the Debtor shall transfer and Purchaser and/or assigns shall take title to and full possession of the Assets free and clear of all interests to the fullest extent permitted by 11 U.S.C. Section 363(f) (whether consensual, statutory, possessory, judicial or otherwise).

It is further Ordered that all of the above enumerated Claimants, and all other interest, liens, encumbrances and causes of action, including the liens held by Class 1 Claimants, Class 2 Claimants, Class 3 Claimants, Class 4 Claimants, Class 5 Claimants, and Class 6 Claimants, shall, upon the Closing Date be cured, released and extinguished as against the Assets, but shall immediately attach to the proceeds.

In connection with this sale, the Court makes the following findings:

a) The Court finds that the Assets identified herein were listed on the Debtor's bankruptcy schedules;
b) The Court finds the Debtor and Purchaser have acted in good faith. This Court specifically finds that the Purchaser is a good faith Purchaser as defined by 11 U.S.C. Section 363 and is entitled to all protections and rights afforded thereby.
c) The Court finds that the Debtor is the owner of the Assets. The conveyance of the Assets will be a legal, valid, and effective transfer of the Assets and vests or will vest Purchaser, upon the Closing Date, with all right, title and interest of the Debtor to the Assets free and clear of all interests to the fullest extent permitted under 11 U.S.C. § 363 (including 363(f)) (whether consensual, statutory, possessory, judicial or otherwise).

The parties are authorized and directed to take all actions, including the execution of documents, necessary or appropriate to affect the sale of the Debtor's Assets. Upon the Closing Date, the monies held in escrow shall be released to the Debtor and shall be held pending further Order of this Court on the disbursement of those funds.

The Court shall retain exclusive jurisdiction to address any and all matters related to the sale of the Debtor's Assets and the provisions of the Confirmation Order. The Purchaser is afforded the protections of a good faith Purchaser under Section 363(m) of the Bankruptcy Code.  The Confirmation Order as to the sale is final and shall be effective and enforceable immediately upon entry and shall not be stayed pursuant to Bankruptcy Rule 6004(g).

6. The Plan and Disclosure Statement were amended however the language set forth

the Disclosure Statement and Plan remained the same.

7. On March 6, 2019 the Court entered its Order conditionally approving the

Disclosure Statement and setting confirmation hearing and related deadlines [Dcck.29].

8. Thereafter, pursuant to the terms and conditions set forth in the Disclosure Statement,

the Debtor received notification from interested parties of the desire to purchase the assets identified

for sale in the Disclosure Statement and Plan.

9. March 29, 2019, the Debtor filed of record a Notice of Intent to Conduct Auction [Dock. 42].

10. Prior to the confirmation date and auction was conducted at the office of counsel for the Debtor. Although several parties showed up for the auction, the original bid contained in the Disclosure Statement and Plan from Purchaser was the winning bid.

11. Pursuant to the terms of the Plan, the Debtor then proceeded to hearing on the Final Approval of the Disclosure Statement and the confirmation of the Debtor's Plan.

12. At the confirmation hearing ,the Court declined to confirm the Plan at this time noting several objections to the Plan which needed to be resolved.

13. The Debtor files this Motion to Ratify the sale to the Purchaser.

14. The Debtor is not operating at this time and the Purchaser is prepared to pay the Purchase Price of $300,000.

15. The Debtor believes it is in the best interest of the estate to sell the assets as contemplated and then hold the proceeds of the sale pending further order of the Court.

16. The Debtor would show that the purchase price of $300,000 is the best price the Debtor could obtain for its assets after substantial marketing and an auction attended by several potential buyers.

WHEREFORE, PREMISES CONSIDERED, Debtor, Noble Rey Brewing Co., LLC. respectfully pray this Honorable Court enter an Order Ratifying the Sale and allowing the sale of the Assets for $300,000 with all liens to attach to these proceeds pending further order of the Court, and for such other and further relief, at law or in equity, to which Debtor may show itself justly entitled.

Respectfully submitted,

ERIC A. LIEPINS, P.C.
12770 Coit Road, Suite 1100
Dallas, Texas 75251
(972) 991-5591
(972) 991-5788 - fax


BY: /s/ Eric Liepins
 ERIC A. LIEPINS, SBN 12338110


CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent to all creditors and the United States Trustee, United States mail on this the 9th day of April 2019.

 /s/ Eric Liepins
Eric A. Liepins