

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed April 23, 2019             United States Bankruptcy Judge

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| NOBLE REY BREWING CO., LLC | § | CASE NO. 18-34214-11 |
| | § | |
| DEBTOR | § | |

**ORDER GRANTING DEBTOR'S MOTION TO RATIFY SALE OF PROPERTY OF THE
ESTATE UNDER 11 U.S.C. §363(b) and (f)
[Relating to Docket No. 13]**

On April 18, 2019 came on for hearing and consideration, the Debtor's Motion to Ratify Sale of Property of the Estate under 11 U.S.C. §363(b) and (f) [Docket No. 13] ("***Sale Motion***") filed on April 9, 2019 by Noble Rey Brewing Co, LLC, Debtor and Debtor-in-Possession ("***Debtor***") in the captioned Chapter 11 bankruptcy case, seeking entry of an order pursuant to Section 363 of Title 11 of the United States Code (11 U.S.C. §§101 *et seq.*, the "***Bankruptcy Code***") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") and the following relief:

(a) approval of and authorization for Debtor's execution and performance of that certain Asset Purchase Agreement (as the same may be amended, modified, supplemented, or restated in whole or in part from time to time, the ("*APA*") between the Debtor and Craft Equipment, LLC. or its designee or assignee ("*Buyer*");

(b) authorization and approval of Debtor's execution, consummation and performance of the Transaction Documents as defined in the APA and the execution by Debtor of all documents required or deemed necessary or advisable to close such transactions; and

(c) granting any other related relief requested in the Sale Motion.

This Court has reviewed the averments of the Sale Motion, has heard and considered the statements of counsel and the evidence presented or testimony offered in support of the Sale Motion, and it appears to the Court that the legal and factual bases for the requested relief set forth in the Sale Motion are supported and establish just cause for the relief requested thereby and granted herein. Therefore, after due deliberation, the Court finds and concludes that sufficient cause exists for granting the Sale Motion based upon the following findings of fact and conclusions of law:

**THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:**

A. **Jurisdiction and Venue**. This Court has jurisdiction over this bankruptcy case and the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§105 and 363. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A),(M),(N) and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a). Findings of fact shall be construed as, and constitute, conclusions of law; and conclusions of law shall be construed as,

and constitute, findings of fact when appropriate.[1] Terms not otherwise defined herein shall have this meaning ascribed to such terms in the Sale Motion. Statements made by the Court from the bench at the Sale Hearing shall constitute additional conclusions of law and findings of fact as appropriate. The Court reserves the right to make additional findings of fact and conclusions of law in support of this Order.

B. **Statutory Predicates**. The statutory predicates for the relief sought in the Sale Motion are Sections 105(a), 363(b), (f), and (m) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9007 and 9014, and the applicable Local Rules of this Court.

C. **Notice**. As evidenced by the certificates of service filed with this Court and based upon the representations of counsel at the Sale Hearing: (i) due, proper, timely, adequate and sufficient notice of the Sale Motion, the APA, the Transaction Documents and the transactions contemplated therein, has been provided to all parties entitled thereto; (ii) no other or further notice is necessary; and (iii) such notice was and is good, sufficient, and appropriate under the circumstances of this bankruptcy case.

D. **Opportunity to Object**. A reasonable opportunity to object and be heard regarding the Sale Motion has been provided and reasonably calculated to reach and apprise all parties entitled to receive notice as of the date hereof pursuant to the Bankruptcy Rules and orders of this Court.

E. **Final Order**. This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).

---

[1] Fed. R. Bankr. P. 7052

*Order Granting Sale Motion – Page 3*

F. **Authority**. The Debtor (i) has full corporate power and authority to execute and deliver the APA, the Transaction Documents and all other documents contemplated thereby, (ii) has all of the corporate power and authority necessary to consummate the transactions by Debtor contemplated by the APA, (iii) has taken, or will take, all corporate action necessary to authorize and approve the APA and the consummation by the Debtor of the transactions contemplated thereby, and (iv) no consents or approvals, other than those expressly provided for in the APA or required under the Bankruptcy Code, are required for the Debtor to consummate such transactions.

G. **Arm's-Length Sale**. The APA was negotiated, proposed and entered into by the Debtor and Buyer, without collusion, in good faith and from arm's-length bargaining positions. Neither the Debtor, nor the Buyer, nor any of their respective representatives, has engaged in any conduct that would cause or permit the APA to be avoided under section 363(n) of the Bankruptcy Code. The terms and conditions of the APA (including without limitation the consideration provided in respect thereof) are fair and reasonable and shall not be avoided under section 363(n) of the Bankruptcy Code.

H. **Good Faith Buyer**. The Buyer is purchasing the Assets in good faith and is a good faith Buyer of the Assets within the meaning of Section 363(m) of the Bankruptcy Code and is, therefore, entitled to all of the protections afforded by that provision. The Buyer and its representatives have proceeded in good faith in all respects in connection with the APA, and the Sale Hearing.

I. **Buyer is not an Insider**. The Buyer is not an "insider" of the Debtor, as that term is defined in Section 101 of the Bankruptcy Code.

J.  **Sale in the Best Interests of the Debtor's Estate and Creditors**. Good and sufficient reasons for approval of the APA exist, and the relief requested in the Sale Motion and granted herein is in the best interests of the Debtor, its estate, its creditors and other parties in interest. Approval of the APA and consummation of the Transaction Documents at this time is in the best interests of the Debtor, its creditors, its estate, and other parties in interest.

K.  **Business Justification**. The Debtor has demonstrated sufficient and sound business purposes and justifications for the sale of the Assets pursuant to the APA.

L.  **Consideration**. The consideration provided by the Buyer for the Assets is fair and reasonable under the circumstances and equals or exceeds the market value of the Assets. In addition, the consideration provided by the Buyer constitutes reasonably equivalent value or fair consideration under the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, the Bankruptcy Code, and the laws of the United States, any state, territory, possession thereof or the District of Columbia. The APA represents a fair and reasonable offer to purchase the Assets described therein, under the circumstances of this Chapter 11 case.

M.  **Free and Clear**. The Debtor is the sole and lawful owner of the Assets. The transfer and sale of the Assets to the Buyer under the APA will be a legal, valid, and effective transfer of the Assets and will vest the Buyer with all right, title, and interest of the Debtor to the Assets free and clear of all liens (as defined in Section 101(37) of the Bankruptcy Code, whether consensual, statutory, possessory, judicial or otherwise), claims (as defined in Section 101(5) of the Bankruptcy Code and including without limitation successor liability claims), other encumbrances, or other interests, of any kind or nature whatsoever, whether known or unknown, legal or equitable, matured or unmatured, contingent or non-contingent, liquidated or

unliquidated, asserted or unasserted, whether arising prior to or after the Petition Date, and whether imposed by agreement, understanding, law, equity or otherwise, accruing, arising or relating thereto, at any time prior to the closing date of the sale. All liens, claims, other encumbrances and interests of any other party shall attach to the proceeds to the same extent and in the same priority as they previously attached to the Assets.

N.  **Satisfaction of Section 363(f) Standards.** The Debtor may sell or transfer the Assets free and clear of liens, claims, other encumbrances, and interests in accordance with Section 363(f) of the Bankruptcy Code because, in each case, one or more of the standards that are set forth in Section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.

O.  **No Fraudulent Transfer.** The APA was not entered into for the purpose of hindering, delaying or defrauding creditors of the Debtor. The Transaction Documents involving Debtor contemplated by the APA are not fraudulent transfers or fraudulent conveyances under the Bankruptcy Code or under the laws of the United States, any state, territory, possession, or the District of Columbia.

P.  **No Successor Liability.** The sale and transfer of the Assets to the Buyer under the APA shall not result in the Buyer, or any of its affiliates, successors or assigns, having any liability or responsibility for any lien, claim, other encumbrance, and/or interest, or any other obligation, of or against the Debtor or its estate, and neither the Buyer, nor any of its affiliates, successors and assigns, shall, as a result of such sale or transfer or any action taken in connection therewith, be deemed to (1) be a successor (or other similarly situated party) to the Debtor; or (2) have, *de facto* or otherwise, merged with or into the Debtor. Without limiting the effect or scope of the foregoing, to the fullest extent permitted by law, the transfer of the Assets from the Debtor to the Buyer pursuant to the APA and this Order does not and shall not subject the Buyer, or any

of its affiliates, successors or assigns, or any of their respective properties to any liability for any lien, claim, other encumbrance, and/or interest against the Debtor by reason of such transfer under the laws of the United States or any state, territory or possession thereof, or the District of Columbia, applicable to such transactions, including, without limitation, any bulk-transfer laws, successor liability or similar theories. Except as expressly provided for in the APA or this Order, the Buyer is not acquiring or assuming any liability, warranty or other obligation of the Debtor. The Buyer is not a successor to the Debtor under any doctrine of successor liability.

**NOW THEREFORE, THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:**

1. **Sale Motion is Granted**. The Sale Motion and the relief requested therein is **GRANTED** and **APPROVED**, as set forth herein and on the record of the Sale Hearing, which is incorporated herein in its entirety, and the sale and transfer of the Assets under the APA and the Transaction Documents as contemplated thereby are granted and approved.

2. **Objections Overruled**. Except as provided herein, the objections, if any, to the Sale Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are overruled on the merits.

3. **Approval of APA as to Debtor**. The APA and all of the terms and conditions thereto relating to Debtor or its property are hereby approved as if fully set forth and incorporated herein. Pursuant to 11 U.S.C. § 363(b), the Debtor is hereby authorized and directed, without further order of the Court, to take any and all actions necessary or appropriate to: (i) consummate the sale and transfer of the Assets to the Buyer pursuant to the terms of the APA; (ii) execute and deliver, perform under, consummate, implement, and close fully the APA, together with all additional instruments and documents that may reasonably be necessary or

desirable to implement the APA including the Transaction Documents; and (iv) take all other and further actions as may be reasonably necessary or appropriate to implement the transactions contemplated by the APA.

4. **Free and Clear**. Except as expressly provided for in this Order, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, upon the closing of the sale, the Debtor shall transfer, and the Buyer shall take title to and possession of, the Assets free and clear of all liens, claims, other encumbrances, and interests including any such interests arising from any Proceeding as defined in the APA, with all such liens, claims, and interests attaching to the proceeds ultimately attributable to the Assets, with the same validity, force and effect, and in the same order of priority, which such liens, claims, other encumbrances, and interests now have against the Assets or its proceeds, subject to any rights, claims and defenses that the Debtor or its estate, as applicable, may possess with respect thereto.

5. **Valid Transfer**. As of the Closing Date, the transactions contemplated by the APA will effect a legal, valid, enforceable and effective sale and transfer of the Assets to Buyer, and shall vest Buyer with title to such Assets free and clear of any liens, claims, other encumbrances, and interests of any kind whatsoever. The APA shall be specifically performable and enforceable against and binding upon the Debtor and all other entities in this bankruptcy case or any successor case.

6. **Injunction**. Except as expressly permitted by this Order, all persons and entities (including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade creditors, litigation claimants and other creditors) holding liens, claims, other encumbrances, and interests in or against all or any portion of the Assets arising under, out of, or in connection with, or in any way relating to the Debtor, the

Assets, the operation of the Debtor's businesses prior to the Closing Date, or the transfer of the Assets to the Buyer, hereby are forever barred, estopped and permanently enjoined from asserting, prosecuting or otherwise pursuing such person's or entity's liens, other encumbrances, claims, and/or interests against the Buyer, any of its affiliates, successors or assigns, any property of any of the foregoing, or the Assets. On and after the Closing, no holder of any lien, claims, other encumbrance, and/or interest against the Debtor shall interfere with Buyer's title to or use and enjoyment of the Assets based on or related to such liens, claims, other encumbrances, and/or interests, and all such liens, claims, other encumbrances, and/or interests, if any, shall attach to the Debtor's interests in the proceeds of such sale and transfer of the Assets as provided in this Order in the order of their priority, with the same validity, force and effect which they have against the Assets, immediately before the Closing, subject to any rights, claims and defenses that the Debtor or its estate, as applicable, may possess with respect thereto.

7. **No Successor Liability**. Neither Buyer nor any of its affiliates, successors or assigns shall, as a result of the consummation of the transaction contemplated by the APA: (a) be a successor of the Debtor; (b) have, *de facto* or otherwise, merged or consolidated with or into the Debtor; or (c) be a continuation or substantial continuation of the Debtor. The transfer of the Assets to Buyer under the APA shall not result in Buyer: (i) having any liability or responsibility for any liens, claims, other encumbrances, and/or interests against the Debtor; (ii) having any liability whatsoever with respect to, or be required to satisfy in any manner, whether at law or in equity, whether by payment, setoff or otherwise, directly or indirectly, any lien, claim, other encumbrance, and/or interest; or (iii) having any liability or responsibility to the Debtor except as is expressly set forth in the APA.

8.     **Effect of Order**.  On the closing date, this Order shall be considered and shall constitute (a) for any and all purposes, a full and complete general assignment, conveyance and transfer of the Debtor's interest in the Assets to the Buyer, and (b) other than as expressly provided for in the APA or in this Order, a determination that all liens, claims, other encumbrances, and interests of any kind or nature whatsoever existing as to the Assets prior to the closing date shall have been unconditionally released, discharged and terminated as of the closing date, and that the sale and transfer of such Assets as described therein and herein had been effected.  This Order shall be binding upon and shall govern the acts of all entities, including without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Assets, and each of the foregoing is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA.

9.     **Binding on Successors**.  The terms and provisions of the APA and this Order shall be binding in all respects upon the Debtor, its estate, all creditors (whether known or unknown) of the Debtor, all holders of liens, claims, other encumbrances, and/or interests against or on the Assets, any non-debtor counterparties to any of the Debtor's executory contracts or unexpired leases, the Buyer or its respective affiliates, and the successors and assigns of each of the foregoing.  This Order, the APA and the other agreements contemplated thereby shall inure

to the benefit of the Debtor, its estate, its creditors, the Buyer, and the successors and assigns of each of the foregoing.

10. **Good Faith**. The transactions contemplated by the APA are undertaken by the Buyer without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale or transfer of the Assets shall not affect the validity of such sale or transfer to the Buyer, unless such authorization is duly stayed pending such appeal prior to the closing date. The Buyer is a good faith Buyer of the Assets, and is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code.

11. **Fair Consideration**. The consideration provided by the Buyer pursuant to the APA for its purchase of the Assets constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and under the laws of the United States, any state, territory, possession or the District of Columbia. The consideration provided by Buyer for the Assets under the APA is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

12. **Retention of Jurisdiction**. This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and enforce the terms and provisions of this Order, the APA and the Transaction Documents (insofar as such agreements involve or affect the Debtor), all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtor is a party, including, but not limited to, retaining jurisdiction to: (a) compel delivery of the Assets to the Buyer; (b) interpret, implement and enforce the provisions of this Order and any

related order; (c) protect the Buyer against any liens, claims, other encumbrances, and interests in the Assets of any kind or nature whatsoever that attached to the proceeds of the sale and transfer of such Assets; and (d) resolve any disputes involving Debtor or its property related to the APA.

13. **Fees and Expenses**. Any obligations of the Debtor in favor of the Buyer (including without limitation any obligation to pay any amounts or deliver documents to the Buyer in connection with the APA) shall (i) be performed when due in the manner provided in the APA without further order of this Court, and (ii) not be discharged, modified or otherwise affected by any reorganization plan for the Debtor, except by an express agreement with the Buyer, its successors, or assigns.

14. **Application of Sale Proceeds.** Upon the closing of the sale the Debtor is authorized to pay Chase Bank the sum of $200,000 and Debtor is also authorized to pay at closing any outstanding ad valorem property taxes for tax year 2018 or prior. All remaining proceeds shall be held by the debtor in the Debtor in Possession account until further order of the Court. Any and all other valid and perfected liens, claims, other encumbrances, and interests in the Assets, shall attach to any proceeds immediately upon receipt of such proceeds by the Debtor (or any party acting on the Debtor's behalf) in the order of priority, and with the same validity, force and effect which they had against the Assets, subject to any rights, claims and defenses the Debtor or its estate, as applicable, may possess with respect thereto.

15. **Non-Material Modifications**. The APA and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of

the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate.

16. **Subsequent Plan Provisions**. Nothing contained in any subsequent order of this Court or any court of competent jurisdiction in this bankruptcy case or any successor case (including, without limitation, any order authorizing the sale of assets pursuant to sections 363, 365 or any other provision of the Bankruptcy Code or any order entered after the conversion of any of the bankruptcy cases to a case under chapter 7 of the Bankruptcy Code), or in any chapter 11 plan confirmed in the bankruptcy case or any order confirming any such plan, shall alter, conflict with, or derogate from, the provisions of the APA or this Order, which provisions shall survive and remain in full force and effect.

17. **Order Controls**. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Sale Motion in this bankruptcy case, the terms of this Order shall govern. The failure specifically to include any particular provisions of the APA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the APA be authorized and approved in its entirety to the extent such provisions affect the Debtor or its property.

18. **Final Order.** This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).

19. Pursuant to Bankruptcy Rule 6004(g), any stay of this Sale Order during the fourteen (14) days appeal period following the entry of this order is hereby waived, the Court finding that such waiver is appropriate under the circumstances and is in the best interests of the Debtor, its estate, and all creditors and parties in interest.

# # # **END OF ORDER** # # #