**ERIC A. LIEPINS**
**ERIC A. LIEPINS, P.C.**
12770 Coit Road, Suite 1100
Dallas, Texas  75251
(972) 991-5591
(972) 991-5788 - Telefax

Attorney for Debtor

THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| NOBLE REY BREWING CO, LLC | § | CASE 18-34214-11 |
| | § | |
| DEBTOR | § | |

APPLICATION FOR ALLOWANCE OF FINAL
ACCOUNTANT'S FEES AND EXPENSES

**NO HEARING WILL BE CONDUCTED HEREIN UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT, 1100 COMMERCE STREET, 12TH FLOOR, DALLAS, TEXAS 75242, BEFORE 5:00 O'CLOCK P.M., ON JULY 5, 2019 , WHICH IS TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK.  A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.  IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

COMES NOW, Susan Cartmill., ("Applicant"), the duly appointed and authorized accountant for Noble Rey Brewing Co., LLC  ("Debtor")   pursuant to 11 U.S.C. §331, files this its application

for allowance of final accountant's fees and reimbursement of expenses, and in support thereof, would respectfully show unto the Court as follows:

I.

INTRODUCTION

This Court has jurisdiction of this matter, pursuant to 11 U.S.C. § 157 since this is a matter involving the administration of the Estate and a request for allowance of accountant's fees and reimbursement of expenses by Debtor's accountant, pursuant to 11 U.S.C. §331.

II.

Debtor filed its voluntary petition in bankruptcy pursuant to Chapter 11 of the United States Bankruptcy Code ("Code") on or about December 19, 2018.

Debtor has filed its Disclosure of Compensation pursuant to Bankruptcy Rule 2016 setting forth the compensation previously paid to Applicant and the Compensation Agreement between Applicant and Debtor in connection with the payment of accounting services and expenses incurred in connection with these Chapter 11 proceedings.

As indicated in the Disclosure of Compensation, the Debtor has not paid a retainer to Applicant.

Since its employment as accountant for the Debtor, Applicant has performed numerous and extensive accounting services for Debtors throughout this bankruptcy case which have assisted the Debtor in this Chapter 11 proceeding. Said services have substantially benefitted the Debtor and Creditors and parties in interest of the Estate.

Applicant has not previously sought reimbursement of its fees and expenses from the Estate in connection with its representation of the Debtors in this matter.

III.

TIME PERIOD

This Application covers the time period from February 15, 2019 through June 14, 2019. (hereinafter the "Applicable Period"). The Applicant seeks a flat fee of $3,500 for the following services for the Debtor.

Preparation of Final Tax Returns for all state and federal taxes returns

Preparation of K-1 for all investors of the Debtor.

IV.

ACCOUNTANTS AND ASSISTANTS

In connection with the services rendered to Debtor in connection with these proceedings, the services have been performed by the following accountants within the firm:

| Attorney | Rate per Hour |
|---|---|
| Susan Cartmill | $95.00 |

Such hourly rates are reasonable, considering the nature of the services performed, the success of those proceedings, and the experience of the accountant rendering such service. Most all the services performed in connection with the various matters which are subject to this Application and require experience, knowledgeable bankruptcy and litigation counsel.

REQUEST FOR COMPENSATION

Pursuant to the decisions of the United States Court of Appeals for the Fifth Circuit in In re First Colonial Corp., 554 F.2d 1291 (5th Cir. 1977), and Johnson v. Georgia Highway Express, Inc., 488 F.2d 741 (5th Cir. 1974), the Applicant requests the Court consider the following factors in determining the amount of compensation as reasonable for Applicant's services in this case.

(A)  Time and Labor Required:

The Applicant's has expended numerous hours during the Applicable Period in representing the Debtors in connection with these proceedings. The Applicant's records of time expended, in addition to professional services for the Debtors, consist of hand-written and recorded diary entries by individual accountants and assistants, which have been placed on computer records. This time does not come unless otherwise indicated, include the time of secretaries or other professional and non-professional support staff. All professionals involved in the rendering of services in this proceeding have made a deliberate effort to avoid any unnecessary duplication of work and time expended. When more routine tasks were involved, the Applicant utilized its secretarial staff, whenever possible, to avoid any unnecessary fees in this matter.

B.  Novelty and Difficulty of Issues:

In this case, many of the factual and legal issues involved in this case have been unusual and difficult, often complex questions involving the operations and accounting issues of the Debtors.

C.  The Requisite Skill to Perform Accounting Services Properly:

The importance and complexity of the intertwined issues in the various matters are such that accountants with the highest skills have been utilized. This bankruptcy case contained a number of difficult, complex, and subtle issues of accounting practices. The Applicant submits that he has effectively and efficiently preformed the requirements and tasks assigned, and has provided great assistance to the Debtors, other creditors in the case, investors, and parties in interest. The complex nature of the operational, business, financial, and accounting problems regarding the Debtors, which have been represented in this proceeding, have required a high degree of expertise and skill.

The Applicant believes that it has demonstrated the requisite professional skill in the respect to both standard and novel problems encountered in this proceeding, and has handled all accounting issues in an efficient and effective matter.

D.   Preclusion from Other Employment:

The Applicant's representation of the Debtors has consumed a substantial portion of Applicant's time in a concentrated manner, as more fully described in this Application. The Applicant, however, is unable to specifically estimate the amount of business it had been precluded from accepting because of its involvement in the representation of the Debtors in this case. However, Applicant has been unable to develop the additional clients and amount of business it normally would have during the period of time it has represented Debtors.

E.   Customary Fees:

The Applicant is applying for final compensation for fees that reflected its customary billing rates. The hourly rates charged for accountant's performing services are within the range of those customarily charged by other accounting firms of requisite skill and experience in the Northern District of Texas. The Applicant has had to absorb many costs for which it cannot seek reimbursement.

F.   Fee Fixed or Contingent:

The fee for the Applicant's services are fixed fees based upon time spent in the case. The Debtors have not paid a retainer to Applicant bit Applicant has been paid in accordance with the Fee procedures order, and Debtors have agreed to pay Applicant such excess of awarded fees.

G.   Time Limitations Imposed by the Client and Other Circumstances:

Due to the complex nature of the various transactions involved in the case, the Applicant was forced to work under time restraints on numerous occasions.

H. <u>Results Achieved:</u>

Through the efforts of Applicant working with the Debtor, the Estate was able to maintain its assets and confirm a Chapter 11 Plan for the benefit of the Estate. The Debtors were able to propose and Plan which provides for a full dividend to all creditors of the Estate.

I. <u>Experience, Reputation and Ability:</u>

Applicant has represented all types of entities in accounting matters in the State of Texas, and elsewhere, and believes he enjoys a good representation as experienced and capable accountant.

J. <u>The Undesirability of the Case:</u>

Although complex, this case was not particularly undesirable.

K. <u>The Nature, Length, and Professional Relationship With the Client:</u>

The Applicant was approached for advice in certain accounting matters in connection with bankruptcy matters, and was employed by the Debtors prior to the Debtor's voluntary petition being filed in this case. The Applicant had represented the Debtors in other matters prior to his employment in these cases.

L. <u>Awards in Similar Cases:</u>

The Applicant is of the opinion that the services rendered by accountant for the Debtors have benefitted the Estate, and all parties in interest. The Applicant further represents that the fees applied for are in conformity with fees allowed in similar proceedings for similar services rendered and results obtained. The Applicant respectfully requests the Court take notice of the awards that have been made in similar proceedings of this size and complexity.

The above analysis and the narrative entries in the Exhibit "A" demonstrate the beneficial services rendered by Applicant for the Debtors for which compensation is appropriate. In sum, through the Applicant's efforts on the detailed and complex matters in this case, the Applicant was

able to assist the Debtors in negotiating, documenting, funding, and consummation of a course of action resulting in the maximum benefit to the Estate and the Creditors of the Estate.

WHEREFORE, PREMISES CONSIDERED, the Applicant respectfully requests this Honorable Court to allow the sum of $3,500 in compensation for professional fees incurred by the Applicant in connection with these proceedings; that Debtors' estate be authorized to pay these amounts, and that Applicant have such other and further relief, in law or equity, to which it may show himself justly entitled.

Respectfully submitted,

Eric A. Liepins
Eric A. Liepins, P.C.
12770 Coit Road, Suite 1100
Dallas, Texas 75251
(972) 991-5591
(972) 991-5788 - Fax

__/s/ Eric Liepins_____
ERIC A. LIEPINS, SBN 12338110

ATTORNEY FOR DEBTOR

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Application or Notice of Application was forwarded to U. S. Trustee, all those persons requesting notice, and all creditors of the estate, via U.S. Mail, this 14th day of June 2019.

___/s/ Eric Liepins_____
ERIC A. LIEPINS

C:\...yetil\attyfee.app