**ERIC A. LIEPINS**
**ERIC A. LIEPINS, P.C.**
12770 Coit Road, Suite 1100
Dallas, Texas 75251
(972) 991-5591
(972) 991-5788 - Telefax

Attorney for Debtor

THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| NOBLE REY BREWING CO, LLC | § | CASE 18-34214-11 |
| | § | |
| DEBTOR | § | |

APPLICATION FOR ALLOWANCE OF FINAL
ATTORNEY'S FEES AND EXPENSES AND DISBURSEMENT OF RETAINER

**NO HEARING WILL BE CONDUCTED HEREIN UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT, 1100 COMMERCE STREET, 12TH FLOOR, DALLAS, TEXAS 75242, BEFORE 5:00 O'CLOCK P.M., ON JULY 4, 2019, WHICH IS TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK.  A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.  IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE U.S. BANKRUPTCY JUDGE HARLIN D. HALE:

COMES NOW, Eric A. Liepins and the law firm of Eric A. Liepins, P.C., ("Applicant"), the

duly appointed and authorized counsel for Noble Rey Brewing Co., LLC ("Debtors') pursuant to 11

U.S.C. §331, files this its application for allowance of final attorney's fees and reimbursement of expenses, and disbursement of Retainer under Local Bankruptcy Rule 2016(b) and in support thereof, would respectfully show unto the Court as follows:

I.

INTRODUCTION

This Court has jurisdiction of this matter, pursuant to 11 U.S.C. § 157 since this is a matter involving the administration of the Estate and a request for allowance of attorney's fees and reimbursement of expenses by Debtor's counsel, pursuant to 11 U.S.C. §331.

II.

Debtor filed its voluntary petition in bankruptcy pursuant to Chapter 11 of the United States Bankruptcy Code ("Code") on or about December 19, 2018.

Debtor has filed its Disclosure of Compensation pursuant to Bankruptcy Rule 2016 setting forth the compensation previously paid to Applicant and the Compensation Agreement between Applicant and Debtor in connection with the payment of legal services and expenses incurred in connection with this Chapter 11 proceeding.

As indicated in the Disclosure of Compensation, the Debtor has paid to Applicant a retainer of $6,717, which retainer was to be applied, pursuant to authorizing of this Court, to obtain the legal services rendered and reimbursement of costs expended in connection with this proceeding.

Since its employment as counsel for the Debtor, Applicant has performed numerous and extensive legal services for Debtor throughout this bankruptcy case which have assisted the Debtor in this Chapter 11 proceeding. Said services have substantially benefitted the Debtor and Creditors and parties in interest of the Estate.

Applicant has not previously sought reimbursement of its fees and expenses from the Estate in connection with its representation of the Debtors in this matter or disbursement of retainer funds.

III.

TIME PERIOD

This Application covers the time period from December 18, 2018 through June 14, 2019. (hereinafter the "Applicable Period").  A detailed statement of the legal services performed by the Applicant for Debtor during the Applicable Period, together with the listing of attorneys and legal assistants who devoted time during this period, along with the billing rates of such individuals is attached hereto and incorporated as Exhibit "A".  This statement shows the date that services were rendered, the nature of the services rendered, by whom such services were rendered, and the time required for the performance of such services.

A total of $20,287.50 as been incurred in fees for time expended in services rendered during the Applicable Period.

In addition, a total of $3,897.43 in out-of-pocket expenses has been incurred by Applicant in connection with these proceedings during the Applicable Period.

IV.

ATTORNEY'S AND LEGAL ASSISTANTS

In connection with the services rendered to Debtor in connection with these proceedings, the services have been performed by the following attorneys within the firm:

| Attorney | Rate per Hour |
|---|---|
| Eric A. Liepins (EAL) | $275.00 |

Such hourly rates are reasonable, considering the nature of the services performed, the success of those proceedings, and the experience of the attorneys rendering such service.  Most all

the services performed in connection with the various matters which are subject to this Application and require experience, knowledgeable bankruptcy and litigation counsel.

Eric A. Liepins has been a licensed practitioner for twenty-nine (29) years in Texas, with most of such practice concentrating in the areas of representation of debtors and creditors in bankruptcy matters.  Mr. Liepins is board certified in business bankruptcy law, and  licensed to practice before all the Courts of this State, as well as the United States District and Bankruptcy Courts for the Northern, Eastern and Southern Districts of Texas, the Fifth Circuit Court of Appeals and the United States Supreme Court.

V.

MAJOR TASKS RENDERED TO DEBTOR

In connection with this Chapter 11 proceedings, the Applicant has rendered numerous and extensive legal services to the Debtors, including, but not limited to, the following:

1. Initial meeting and consultation with clients;

2. Preparation of documents for filing, including Voluntary Petition and Creditor's Matrix;

3. Assistance in the preparation of Debtors' Schedules & Statement of Financial Affairs;

4. Attendance at Debtors' United States Trustee personal interview and §341 Meeting;

5. Representation in Motion to Relief from Stay;

6. Response and representation on Motion to Assume Leases;

7 Preparation of Disclosure Statement and Plan of Reorganization;

8. Numerous telephone conversations and meetings with Debtors and creditors concerning the case;

9. Pleadings and hearings concerning sale of Debtor's assets;

9. Attend Disclosure Statement and Confirmation hearings; and

10. Post Confirmation instructions to Debtor.

### REQUEST FOR COMPENSATION

Pursuant to the decisions of the United States Court of Appeals for the Fifth Circuit in In re First Colonial Corp., 554 F.2d 1291 (5th Cir. 1977), and Johnson v. Georgia Highway Express, Inc., 488 F.2d 741 (5th Cir. 1974), the Applicant requests the Court consider the following factors in determining the amount of compensation as reasonable for Applicant's services in this case.

(A) Time and Labor Required:

The Applicant's has expended 74.20 hours during the Applicable Period in representing the Debtor in connection with these proceedings. The Applicant's records of time expended, in addition to professional services for the Debtor, consist of hand-written and recorded diary entries by individual attorneys and legal assistants, which have been placed on computer records. This time does not come unless otherwise indicated, include the time of secretaries or other professional and non-professional support staff. All professionals involved in the rendering of services in this proceeding have made a deliberate effort to avoid any unnecessary duplication of work and time expended. In certain instances, conferences and/or corroboration were necessary among attorneys or between legal assistants and attorneys. This would require, because of the often complex nature of their proceedings being drafted, factual and/or legal issues being raised, need of urgent action to protect the Estate property, and many different aspects and matters involved in this bankruptcy court. When more routine tasks were involved, the Applicant utilized its secretarial staff, whenever possible, to avoid any unnecessary fees in this matter.

B. Novelty and Difficulty of Issues:

In this case, many of the factual and legal issues involved in this case have been unusual and difficult, often complex questions involving the operations and legal issues of the Debtor. Numerous issues lack legal precedent and, accordingly, required Applicant to thoroughly research analygist law to permit Debtors' counsel and the Debtors to make informed decisions and judgments.

C.  The Requisite Skill to Perform Legal Services Properly:

The importance and complexity of the intertwined issues in the various matters are such that attorneys with the highest skills have been utilized. This bankruptcy case contained a number of difficult, complex, and subtle issues of law and tactics. The Applicant submits that he has effectively and efficiently preformed the requirements and tasks assigned, and has provided great assistance to the Debtor, other creditors in the case, investors, and parties in interest. The complex nature of the operational, business, financial, and legal problems regarding the Debtor, which have been represented in this proceeding, have required a high degree of expertise and skill.

The Applicant believes that it has demonstrated the requisite professional skill in the respect to both standard and novel problems encountered in this proceeding, and has handled all legal issues in an efficient and effective matter.

D.  Preclusion from Other Employment:

The Applicant's representation of the Debtor has consumed a substantial portion of Applicant's time in a concentrated manner, as more fully described in this Application. The Applicant, however, is unable to specifically estimate the amount of business it had been precluded from accepting because of its involvement in the representation of the Debtor in this case. However, Applicant has been unable to develop the additional clients and amount of business it normally would have during the period of time it has represented Debtor.

E.  Customary Fees:

The Applicant is applying for final compensation for fees that reflected its customary billing rates. The hourly rates charged for attorney's performing services are within the range of those customarily charged by other law firms of requisite skill and experience in the Northern District of Texas. The Applicant has had to absorb many costs for which it cannot seek reimbursement.

F.      Fee Fixed or Contingent:

The fee for the Applicant's services are fixed fees based upon time spent in the case. The Debtor has paid a retainer to Applicant and to the extent this Court allows fees and expenses in excess of the retainer, Debtor has agreed to pay Applicant such excess.

G.      Time Limitations Imposed by the Client and Other Circumstances:

Due to the complex nature of the various transactions involved in the case, the Applicant was forced to work under time restraints on numerous occasions.

H.      Results Achieved:

Through the efforts of Applicant working with the Debtor, the Estate was able to maintain its assets and work toward proposing a Chapter 11 Plan for the benefit of the Estate. The Debtor were able to propose and Plan which provides for a dividend to creditors of the Estate.

I.      Experience, Reputation and Ability:

Applicant has represented all types of entities in liquidation of reorganization cases in the State of Texas, and elsewhere, and believes he enjoys a good representation as experienced and capable bankruptcy counsel.

J.      The Undesirability of the Case:

Although complex, this case was not particularly undesirable.

K.      The Nature, Length, and Professional Relationship With the Client:

The Applicant was approached for advice in certain litigation and bankruptcy matters, and was employed by the Debtor prior to the Debtor's voluntary petition being filed in this case. The Applicant had not represented the Debtor in other matters prior to his employment in this case.

L.      Awards in Similar Cases:

The Applicant is of the opinion that the services rendered by counsel for the Debtor have benefitted the Estate, and all parties in interest. The Applicant further represents that the fees applied for are in conformity with fees allowed in similar proceedings for similar services rendered and results obtained. The Applicant respectfully requests the Court take notice of the awards that have been made in similar proceedings of this size and complexity.

The above analysis and the narrative entries in the Exhibit "A" demonstrate the beneficial services rendered by Applicant for the Debtor for which compensation is appropriate. In sum, through the Applicant's efforts on the detailed and complex matters in this case, the Applicant was able to assist the Debtors in negotiating, documenting, funding, and consummation of a course of action resulting in the maximum benefit to the Estate and the Creditors of the Estate.

WHEREFORE, PREMISES CONSIDERED, the Applicant respectfully requests this Honorable Court to allow the sum of $20,287.50 in compensation for professional fees and for reimbursement of $ 3,897.43 in out-of-pocket expenses incurred by the Applicant in connection with these proceedings; that Applicant be allowed to apply the retainer funds in the amount of $6,717; and that Debtors' estate be authorized to pay these amounts in excess of such retainer as allowed by the Court if available from funds of the Debtors, and that Applicant have such other and further relief, in law or equity, to which it may show himself justly entitled.

                Respectfully submitted,

                Eric A. Liepins
                Eric A. Liepins, P.C.

        12770 Coit Road, Suite 1100
        Dallas, Texas 75251
        (972) 991-5591
        (972) 991-5788 - Fax

        __/s/ Eric Liepins_____
        ERIC A. LIEPINS, SBN 12338110

        ATTORNEY FOR DEBTOR

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the above and foregoing Application or Notice of Application was forwarded to U. S. Trustee, all those persons requesting notice, and all creditors of the estate, via U.S. Mail, this 14th day of June 2019.

        ___/s/ Eric Liepins_____
        ERIC A. LIEPINS

C:\...yetil\attyfee.app